**EMPIRE MILLWORK CORPORATION**

v.

**Morton M. LAPIDES.**

**No. 9763.**

United States District Court
D. Maryland,
Civil Division.

Oct. 30, 1957.

Harry O. Levin, Jacob J. Edelman and Marshall A. Levin, Baltimore, Md., for plaintiff.

Charles M. Cohen and Chambers & Cohen, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

In this action by the payee of a note against an indorser-guarantor, the latter contends that the suit is prematurely brought by reason of the terms of a composition agreement to which the maker, the payee and the indorser-guarantor were all parties.

On November 5, 1956, by its promissory note, Lehigh Construction Co., Inc., promised to pay to plaintiff or order $8,830.22 on May 6, 1957, with interest at 5%. On the reverse of the note the signature of defendant, Morton M. Lapides, appeared under the following printed statement:

> "For value received the undersigned and each of them hereby forever waives presentment, demand, protest, notice of protest and notice of dishonor of the within note and the undersigned and each of them guarantees the payment of said note at maturity and consents without notice to any and all extensions of time or terms of payment made by holder of said note."

The note was payable at the Maryland Trust Company, Baltimore, Maryland; it was duly presented for payment and was dishonored, whereof defendant was given due notice.

On or about May 28, 1957, a composition agreement was entered into between Lehigh Construction Co., Inc., and its creditors, including plaintiff. That agreement provided, inter alia:

"1. Each and every creditor covenants and agrees that he or it will refrain from asserting any claim by way of suit, * * * or any other type of legal proceeding to enforce his and/or its rights for any sums presently due by Lehigh Construction Company, Inc., to such creditor and said creditor further covenants and agrees that any judgments obtained by him or it within a period of four (4) months prior to this date shall immediately be released and dismissed of record. This Agreement to forebear the assertion of claims shall continue until December 31, 1958, provided however, the rights of any creditor under any guarantee, or any security heretofore given them, shall not be affected hereby."

Lapides signed the agreement individually and on behalf of Lehigh Construction Co., Inc., of which he is the sole stockholder.

■■■ Sec. 120 of the Uniform Negotiable Instruments Act (Ann.Code of Maryland, Art. 13, sec. 140) provides:

"120. A person secondarily liable on the instrument is discharged:

\*　　\*　　\*　　\*　　\*

"(6) By any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved."

Since that section relates expressly to persons secondarily liable, it has been held that it has no application to a guarantor of a note whose liability has become absolute by reason of the maker's default in payment. 8 Am.Jur., Bills and Notes, § 800. In any event, since defendant consented to the extension both by the terms of his indorsement and by the composition agreement, the extension did not discharge his liability. So much is conceded. Defendant asserts, however, that since the agreement extended the time for payment by Lehigh, the primary obligor, until December 31, 1958, it also operated to extend the time for payment by him, the indorser, until the same date. This contention is answered by the section cited, 120(6) of the Uniform Act, which provides that a holder may retain his right of action against a party secondarily liable even without his consent by an express reservation in the extension agreement. The reason for this provision is that " * * * such party is in no way prejudiced by the qualified extension thus granted to the principal debtor, since, by entering into such an agreement, the latter impliedly consents that whatever remedies the party secondarily liable has against him shall remain open. Hence, the party secondarily liable is at liberty to pay the debt and proceed against the principal debtor at once without waiting for the expiration of the extension." 8 Am.Jur., Bills and Notes, § 809.

■ In the instant case, both by the legend over his signature on the back of the note, and by the terms of the composition agreement, Lapides consented to the extension of time of payment granted to the corporation. If he had intended that his obligation as guarantor of the note should be similarly postponed, he could easily have so specified. Under the circumstances, plaintiff is entitled to an immediate judgment against Lapides for the amount of the note, with interest.

However, under the terms of the composition agreement, it was contemplated that Lapides should do certain things which might make it inequitable to have the judgment enforced against him at this time. Judgment will, therefore, be entered in favor of plaintiff for $9,263.24 and costs, but without prejudice to the right of Lapides to file an appropriate motion seeking a stay of enforcement of the judgment, but not affecting its lien.